| | | |
|---|---|---|
| STATE OF INDIANA ) | | IN THE LAPORTE SUPERIOR COURT |
| ) SS: | | ROOM NO. 2 |
| COUNTY OF LAPORTE ) | | CAUSE NO. **46D02-2002-CT-000221** |

SABINO MENDEZ )
)
    Plaintiff, )
)
v. )
)
SHABAD TRANSPORT INC. )
and JAGDEEP TOOR )
)
    Defendants. )

## COMPLAINT

Plaintiff Sabino Mendez, by counsel, hereby asserts claims for relief against Defendants Shabad Transport Inc. and Jagdeep Toor. In support hereof, the Plaintiff states and alleges:

1. At all times relevant herein, Sabino Mendez was traveling through LaPorte County, Indiana.

2. At all times relevant herein, Jagdeep Toor was traveling through LaPorte County, Indiana.

3. At all times relevant herein, Jagdeep Toor was an employee of Shabad Transport Inc. and working within the scope of said employment. As a result of an employee-employer relationship, Shabad Transport Inc. is liable, under the theory of *respondeat superior*, for the negligent acts or omissions of Jagdeep Toor.

4. On July 9, 2019, at approximately 8:53 a.m., Sabino Mendez was operating a Chevrolet southbound on US 421 in LaPorte County, Indiana.

5. At said date and time, Jagdeep Toor was operating a Kenworth Semi-Tractor

1



DEFENDANT'S EXHIBIT B

and Trailer southbound on US 421 in LaPorte County, Indiana, behind the Chevrolet operated by Sabino Mendez.

6. At said date and time, Jagdeep Toor operated the Kenworth Semi-Tractor and Trailer in such a negligent manner that it collided into the rear of the Chevrolet being occupied by Sabino Mendez.

7. At all times relevant herein, Shabad Transport Inc. was a motor carrier subject to the provisions of the Federal Motor Carrier Safety Regulations as incorporated by reference in Indiana Code §8-2.1-24-18.

8. At all times relevant herein, the Kenworth Semi-Tractor and Trailer being operated by Jagdeep Toor was a commercial motor vehicle subject to the provisions of the Federal Motor Carrier Safety Regulations as incorporated by reference in Indiana Code §8-2.1-24-18.

9. At all times relevant herein, as the driver and operator of the Kenworth Semi-Tractor and Trailer, Jagdeep Toor was subject to the provisions of the Federal Motor Carrier Safety Regulations as incorporated by reference in Indiana Code §8-2.1-24-18.

10. At all times relevant herein, Jagdeep Toor owed various duties which included, but are not limited to, the following:

    a. a duty to exercise reasonable care in the operation of the vehicle;

    b. a duty to maintain proper control of the vehicle;

    c. a duty to keep a proper lookout;

    d. a duty to operate the vehicle at a reasonable speed under the

       circumstances in order to avoid a collision; and

  e. a duty to maintain a reasonably safe distance between the vehicles.

11. On July 9, 2019, at approximately 8:53 a.m., Jagdeep Toor negligently breached the duties that were owed which included, but are not limited to, the following:

  a. failing to exercise reasonable care in the operation of the vehicle;

  b. failing to maintain proper control of the vehicle;

  c. failing to keep a proper lookout;

  d. failing to operate the vehicle at a reasonable speed under the circumstances in order to avoid a collision; and

  e. failing to maintain a reasonably safe distance between the vehicles.

12. Some or all of Jagdeep Toor's negligent acts or omissions were violations of statutes or ordinances, for which there was no excuse or justification, that were designed to protect the class of persons, in which Sabino Mendez was included, against the risk of harm which occurred as a result of the violations.

13. As a direct and proximate result of Jagdeep Toor's negligence, Sabino Mendez:

  a. has sustained injuries, which might be permanent in nature and have affected the ability to function as a whole person;

  b. has sustained physical pain and mental suffering, and it is likely physical pain and mental suffering will be experienced in the future, as a result of the injuries;

    c. has incurred reasonable expenses for necessary medical care, treatment and services, and it is likely expenses for future medical care, treatment, and service will also be incurred;

    d. may have had personal property damaged or destroyed, lost the use of personal property, and incurred towing and storage expenses;

    e. may have lost earnings, profits or income;

    f. may have lost or suffered an impairment of earning capacity;

    g. may have sustained bodily disfigurement or deformity; and

    h. may have been otherwise damaged and injured.

14. Jagdeep Toor's conduct was reckless, willful, and wanton with conscious disregard for probably injury, or grossly negligent and was not a result of a mistake of fact, honest error, mere negligence, or other human failing. Jagdeep Toor's conduct warrants the imposition of punitive damages in an amount sufficient to deter Jagdeep Toor and others from like conduct in the future.

    **WHEREFORE**, Plaintiff Sabino Mendez prays that the Court enters a judgment against Defendants Shabad Transport Inc. and Jagdeep Toor, and for Plaintiff Sabino Mendez, in an amount sufficient to reasonably compensate Plaintiff Sabino Mendez for the damages incurred and injuries sustained, for punitive damages in an amount sufficient to deter Jagdeep Toor and others from like conduct in the future, for costs, for a trial by jury on all issues in this cause, and all other just and proper relief in the premises.

Respectfully submitted,

CRAIG KELLEY & FAULTLESS LLC


/s/ David W. Craig
David W. Craig, #4356-98


/s/ Scott A. Faultless
Scott A. Faultless, #15736-49

Attorneys for Plaintiff:

CRAIG KELLEY & FAULTLESS LLC
5845 Lawton Loop East Drive
Indianapolis, IN 46216
(317) 545-1760
(317) 545-1794 (facsimile)

